```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                          WESTERN DIVISION
```

GREGORY CHAMPION, #04304-043                              PETITIONER

VERSUS                          CIVIL ACTION NO.  5:07cv119-DCB-MTP

CONSTANCE REESE, Warden, et al.                          RESPONDENTS

## MEMORANDUM OPINION AND ORDER

This cause comes before this court for dismissal, <u>sua</u> <u>sponte</u>. The petitioner, an inmate of the Federal Correctional Facility, Yazoo City, Mississippi, filed the instant petition for habeas relief pursuant to 28 U.S.C. § 2241 on June 5, 2007.

On January 28, 2008, an order [2] was entered staying the instant habeas petition. The stay was then lifted by an order [3] entered on October 28, 2008. The order [3] entered on October 28, 2008, also directed the petitioner to file a written response within 20 days of the entry of the order and provided that failure to comply with any order of this court could result in the instant civil action being dismissed.

When the petitioner failed to respond to the order [3] of October 28, 2008, an order to show cause [4] was entered on December 10, 2008. The order to show cause [4] directed the petitioner to respond on or before December 29, 2008. The envelope [5] containing the order to show cause [4] was returned to this court by the postal service with a notation "Return to Sender – addressee unknown – attempted not known – unable to forward" and filed in the instant civil action on December 16,

2008.  According to the docket entries, the petitioner has not complied with the orders [3&4] nor has he contact this court concerning the instant civil action.

This court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action <u>sua</u> <u>sponte</u>.  <u>See</u> <u>Link v. Wabash Railroad</u>, 370 U.S. 626 (1962); <u>Larson v. Scott</u>, 157 F.3d 1030 (5th Cir.1998); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  <u>Link</u>, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court.  <u>Id.</u> at 629–30.

Even though the petitioner was warned in the orders of this court that failure to timely comply with an order of this court or failure to advise of a change of address could result in the dismissal of the instant petition, he has not complied with two court orders, nor has he provided this court with a change of address.  Additionally, this court finds that the petitioner has not contacted this court since he filed the instant petition on June 5, 2007.  Therefore, this court finds that it is apparent

from the petitioner's failure to communicate with this court that he lacks interest in pursuing this claim.

Thus, the court concludes that dismissal of this action for petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the respondents have never been called upon to respond to the petitioner's pleading and since the court has never considered the merits of petitioner's claims, the court's order of dismissal will provide that dismissal is without prejudice. See <u>Munday/Elkins Automotive Partners, LTD. v. Smith</u>, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the  13th  day of January, 2009.

                                      s/ David Bramlette
                               UNITED STATES DISTRICT JUDGE